**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

District of __Delaware__
(State)

Case number (*If known*): _____ Chapter __11__

☐ Check if this is an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy   06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Nogin Commerce, Inc. |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Branded Online, Inc. |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 2 7 – 1 7 9 0 7 1 9 |

4. **Debtor's address**

| **Principal place of business** | **Mailing address, if different from principal place of business** |
|---|---|
| 105  E. 34th Street<br>Number     Street | _____<br>Number     Street |
| Suite 137 | _____<br>P.O. Box |
| New York          NY     10016<br>City            State   ZIP Code | _____<br>City            State   ZIP Code |
| New York<br>County | **Location of principal assets, if different from principal place of business**<br><br>_____<br>Number     Street<br><br>_____<br>City            State   ZIP Code |

5. **Debtor's website (URL)**    www.nogin.com

---

Official Form 201    Voluntary Petition for Non-Individuals Filing for Bankruptcy    page 1

Debtor  Nogin Commerce, Inc._____  Case number (*if known*)_____
        Name

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |
| 7. | **Describe debtor's business** | *A. Check one:* <br> ☐ Health Care Business (as defined in 11 U.S.C. § 101(27A)) <br> ☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B)) <br> ☐ Railroad (as defined in 11 U.S.C. § 101(44)) <br> ☐ Stockbroker (as defined in 11 U.S.C. § 101(53A)) <br> ☐ Commodity Broker (as defined in 11 U.S.C. § 101(6)) <br> ☐ Clearing Bank (as defined in 11 U.S.C. § 781(3)) <br> ☒ None of the above <br><br> *B. Check all that apply:* <br> ☐ Tax-exempt entity (as described in 26 U.S.C. § 501) <br> ☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3) <br> ☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11)) <br><br> C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes . <br> 4   5   3   9 |
| 8. | **Under which chapter of the Bankruptcy Code is the debtor filing?** <br><br> A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check one:* <br> ☐ Chapter 7 <br> ☐ Chapter 9 <br> ☒ Chapter 11. *Check **all** that apply*: <br>     ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>     ☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B). <br>     ☐ A plan is being filed with this petition. <br>     ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). <br>     ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form. <br>     ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2. <br> ☐ Chapter 12 |

Debtor  Nogin Commerce, Inc.   Case number (*if known*)
  Name

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.  District  When  Case number
                                                    MM / DD / YYYY
       District  When  Case number
                                                    MM / DD / YYYY

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor  See Schedule 1   Relationship
       District  When
                                                                    MM / DD / YYYY
       Case number, if known

**11. Why is the case filed in *this district*?**

Check all that apply:

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply*.)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other

**Where is the property?**
                              Number   Street
City                                                          State ZIP Code

**Is the property insured?**
☐ No
☐ Yes.  Insurance agency
       Contact name
       Phone

**Statistical and administrative information**

Debtor  Nogin Commerce, Inc.  Case number (*if known*)_____
        Name

| | | | |
|---|---|---|---|
| **13. Debtor's estimation of available funds** | *Check one:*<br>☒ Funds will be available for distribution to unsecured creditors.<br>☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. | | |
| **14. Estimated number of creditors** (on a consolidated basis) | ☐ 1-49<br>☐ 50-99<br>☐ 100-199<br>☒ 200-999 | ☐ 1,000-5,000<br>☐ 5,001-10,000<br>☐ 10,001-25,000 | ☐ 25,001-50,000<br>☐ 50,001-100,000<br>☐ More than 100,000 |
| **15. Estimated assets** (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☒ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities** (on a consolidated basis) | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☒ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

### Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  12/05/2023
             MM / DD / YYYY

✗  /s/ Vladimir Kasparov                      Vladimir Kasparov
Signature of authorized representative of debtor    Printed name

Title: Chief Restructuring Officer

Debtor  Nogin Commerce, Inc.
      Name

Case number (if known) _____

**18. Signature of attorney**

✗ /s/ Daniel J. DeFranceschi     Date   12/05/2023

Signature of attorney for debtor      MM / DD / YYYY

Daniel J. DeFranceschi
Printed name

Richards, Layton & Finger, P.A.
Firm name

920     North King Street
Number   Street

Wilmington     DE     19801
City     State     ZIP Code

(302) 651-7700     defranceschi@rlf.com
Contact phone     Email address

No. 2732     DE
Bar number     State

## SCHEDULE 1

### Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (including the debtor in this chapter 11 case, collectively, the "**Debtors**") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware. The Debtors have moved for joint administration of their cases with the lead case number assigned to the chapter 11 case of Debtor Nogin, Inc.

1. Nogin, Inc.
2. Nogin Commerce, Inc.
3. Native Brands Group LLC

# UNANIMOUS WRITTEN CONSENT OF THE
# STRATEGIC TRANSACTIONS COMMITTEE OF NOGIN COMMERCE, INC.

### December 4, 2023

The undersigned, being all of the members of the Strategic Transactions Committee (the "**Committee**") of the board of directors of Nogin Commerce, Inc., a Delaware corporation (the "**Corporation**"), pursuant to Section 141(f) of the Delaware General Corporation Law and in accordance with the requirements of the Corporation's governing documents, DO HEREBY CONSENT to the adoption of, and DO HEREBY ADOPT, the following resolutions:

WHEREAS, the board of the directors of the Corporation, established and delegated certain authority to the Committee on November, 16, 2023, to evaluate certain transactions including, but not limited to, potential restructuring transactions.

WHEREAS, in the judgment of the Committee, it is desirable and in the best interests of the Corporation, its stockholders, its subsidiaries, its creditors, and other interested parties that a petition commencing a chapter 11 case (the "**Chapter 11 Case**") be filed by the Corporation to seek relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the District of Delaware (the "**Bankruptcy Court**");

WHEREAS, in the judgment of the Committee, it is desirable and in the best interests of the Corporation, its stockholders, its subsidiaries, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the law firm of Richards, Layton & Finger, P.A. ("**RL&F**"), as attorneys for the Corporation in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Committee, it is desirable and in the best interests of the Corporation, its stockholders, its subsidiaries, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Triple P RTS, LLC ("**Portage Point**"), to provide the Corporation with Vladimir Kasparov as the Corporation's Chief Restructuring Officer (the "**CRO**"), Robin Chiu as the Corporation's Deputy Chief Restructuring Officer (the "**Deputy CRO**"), and restructuring and interim management services, subject to any requisite Bankruptcy Court approval;

WHEREAS, in the judgment of the Committee, it is desirable and in the best interests of the Corporation, its stockholders, its subsidiaries, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Livingstone Partners LLC ("**Livingstone**"), as investment banker for the Corporation in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and

WHEREAS, in the judgment of the Committee, it is desirable and in the best interests of the Corporation, its stockholders, its subsidiaries, its creditors, and other interested parties to, in connection with the Chapter 11 Case, engage the firm of Donlin, Recano & Company, Inc. ("**Donlin Recano**"), as claims and noticing agent and administrative advisor for the Corporation in the Chapter 11 Case, subject to any requisite Bankruptcy Court approval; and

WHEREAS, in the judgment of the Committee, debtor-in possession-financing ("**DIP Financing**") is required in order to administer the Chapter 11 Case and that entry into that certain *Senior Secured Super-Priority Debtor-In-Possession Loan and Security Agreement* (the "**DIP Facility**") by and among the Corporation, certain of its subsidiaries, as borrowers or guarantors, as applicable, BRF Finance Co., LLC, as administrative agent, and BRF Finance Co., LLC, along with any other participating lenders, as DIP lender thereunder, is desirable and in the best interests of the Corporation, its stockholders, its subsidiaries, its creditors, and other interested parties.

NOW THEREFORE BE IT RESOLVED, that the Corporation shall be, and hereby is, authorized and directed to: (a) file a voluntary petition (each, a "**Petition**") for relief under chapter 11 of the Bankruptcy Code in the Bankruptcy Court and (b) perform any and all such acts as are reasonable, advisable, expedient, convenient, proper or necessary to effect the foregoing; and it be further

RESOLVED, that the CRO, the Deputy CRO, and each officer of the Corporation (each individually, an "**Authorized Person**" and collectively, the "**Authorized Persons**") shall be, and each of them, acting alone, hereby is, authorized and empowered on behalf of and in the name of the Corporation, on its own behalf, to: (a) verify and execute each Petition, as well as all other ancillary documents, and file, or cause to be filed with the Bankruptcy Court, each Petition and make or cause to be made, prior to execution thereof, any modifications to each Petition or ancillary documents as any such Authorized Person, in such person's discretion, deems necessary or desirable to carry out the intent and accomplish the purposes of these resolutions (the approval of which to be conclusively established by the execution thereof by such Authorized Person); (b) verify, execute and file or cause to be filed all petitions, schedules, lists, motions, applications and other papers or documents (including authorization to incur debtor-in-possession indebtedness and to enter into debtor-in-possession loan agreements and related documents) necessary or desirable in connection with the foregoing; and (c) verify and execute or cause to be executed any and all other documents necessary or appropriate in connection therewith in such form or forms as any such Authorized Person may approve (the approval of which to be conclusively established by the execution thereof by or at the direction of such Authorized Person); and it be further

RESOLVED, that the Authorized Persons of the Corporation shall be, and each of them, acting alone, hereby is, authorized and empowered to retain, on behalf of the Corporation, on its own behalf: (a) RL&F, as attorneys for the Corporation;

(b) Portage Point, to provide the Corporation with certain financial restructuring and advisory services; (c) Livingstone, as investment banker for the Corporation; (d) Donlin Recano, as claims and noticing agent and administrative advisor for the Corporation; and (e) such additional professionals, including attorneys, accountants, consultants or brokers, in each case as in such person's or persons' judgment may be necessary or desirable in connection with the Chapter 11 Case and other related matters, on such terms as such person or persons shall approve; and it be further

RESOLVED, that the Corporation, on its own behalf, shall be, and hereby is, authorized to: (a) enter into the DIP Facility and take all actions necessary and appropriate to obtain DIP Financing according to the terms negotiated by such Authorized Person, including under one or more loan agreements, and to effectuate the foregoing, to enter into such loan agreements, documents, notes, guaranties, security agreements, mortgages, pledge agreements and all other documents, agreements or instruments related thereto (collectively, the "**Financing Transactions**") as may be deemed necessary or appropriate by such Authorized Person (such approval to be conclusively evidenced by the execution thereof or taking of such action by such Authorized Person); and (b) pay related fees and grant security interests in and liens upon, some, all or substantially all of the Corporation's assets, as may be deemed necessary by any one or more of the Authorized Persons in connection with such Financing Transactions; and it be further

RESOLVED, that any of the Authorized Persons and any employees or agents (including counsel) designated by or directed by such person, and the Corporation, be, and each hereby is, authorized and empowered to cause the Corporation or its wholly owned subsidiary Native Brands Group LLC, to enter into, execute, deliver, certify, file, record, adopt, and perform under, such documents, resolutions and consents (including all such bankruptcy petitions, agreements (including engagement agreements or arrangements), certificates, instruments and amendments), and to take such other actions (including authorizing Native Brands Group LLC to enter into, execute and deliver any documents (including all such bankruptcy petitions, agreements (including engagement agreements or arrangements), certificates, instruments and amendments)), as in the judgment of such person or the Corporation shall be or become necessary, proper, and desirable to prosecute to a successful completion of the Chapter 11 Case to effectuate the restructuring of the Corporation's debt, other obligations, organizational form and structure, and ownership of the Corporation and its subsidiaries consistent with the foregoing resolutions, and to carry out and put into effect the purposes of the foregoing resolutions, and the transactions contemplated by these resolutions, their authority thereunto to be evidenced by the taking of such actions; and it be further

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons or their designees shall be, and each of them, acting alone, hereby is, authorized, directed and empowered, in the name of and on behalf of the Corporation to take or cause

to be taken any and all such further actions, to execute and deliver any and all such agreements, certificates, instruments, consents and other documents and to pay all expenses, including filing fees, in each case as in such Authorized Person's or Authorized Persons' judgment shall be necessary or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and it be further

RESOLVED, that any and all acts taken and any and all certificates, instruments, agreements or other documents executed for or on behalf of the Corporation, on its own behalf, by any Authorized Person prior to the adoption of the foregoing resolutions with regard to any of the transactions, actions, certificates, instruments, agreements or other documents authorized or approved by the foregoing resolutions be, and they hereby are, ratified, confirmed, adopted and approved.

This Unanimous Written Consent may be executed in one or more counterparts.

[Signature page follows]

IN WITNESS WHEREOF, each of the undersigned has executed this Unanimous Written Consent on the applicable date set forth below.

*DocuSigned by:*
*Wilhelmina Fader*
—7EF81DE136084BA...
Name: Wilhelmina Fader
Title:   Committee Member
Date:

*DocuSigned by:*
—C6AFD5169FE44F7...
Name: Eileen Moore Johnson
Title:   Committee Member
Date:

*DocuSigned by:*
*Andrew Pancer*
—FA735F03B4BA400...
Name: Andrew Pancer
Title:   Committee Member
Date:

| Fill in this information to identify the case: |
|---|
| **Debtor name:** Nogin, Inc., et al. |
| **United States Bankruptcy Court for the:** District of Delaware |
| **Case number (if known):** 23-_____ |

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders    12/15

A list of creditors holding the 30 Largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 Largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | Jefferies<br>520 Madison Avenue<br>New York NY 10022 | Evan Osheroff<br>eosheroff@jeffries.com | Professional Services | ☐ C<br>☐ U<br>☐ D | | | $7,716,917.08 |
| 2 | Stifel<br>One Financial Plaza<br>501 North Broadway<br>St. Louis MO 63102 | Peg Jackson<br>pjackson@stifel.com | Professional Services | ☐ C<br>☐ U<br>☐ D | | | $4,230,518.00 |
| 3 | Latham & Watkins<br>P.O. Box 2130<br>Carol Stream IL 60132-2130 | Ryan Maierson<br>Ryan.Maierson@lw.com | Professional Services | ☐ C<br>☐ U<br>☐ D | | | $2,378,991.00 |
| 4 | Commission Junction LLC<br>4140 Solutions Center<br>#774140<br>Chicago IL 60677-4001 | Kathryn Rymer<br>kathryn.rymer@cj.com | Professional Services | ☐ C<br>☐ U<br>☐ D | | | $1,218,052.93 |
| 5 | Scotch & Soda Brand Holdings LLC<br>240 Madison Ave, 15th Floor<br>New York NY 10016 | Joseph Sutton<br>jsutton@bluestarall.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $1,074,736.00 |
| 6 | Robert K. Vogel Company<br>300 Paseo Tesoro<br>Walnut CA 91789 | Robert K. Vogel<br>bob@vogelproperties.com | Trade Debts | ☐ C<br>☐ U<br>☐ D | | | $1,038,064.85 |

Debtor **Nogin, Inc., et al.**                                                                                                                        Case number *(if known)* 23-_____

| # | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliqui- dated, or disputed | Amount of unsecured claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 7 | Factory X<br>1000 Wilshire Blvd<br>Ste 1500<br>Los Angeles CA 90017-2457 | C/O Russel Allyn<br>rallyn@buchalter.com | Professional Services | ☐ C<br>☐ U<br>☐ D | | | $929,125.00 |
| 8 | Karen Kane<br>2275 East 37th Street<br>Los Angeles CA 90058 | C/O Jeffrey Kapor<br>jkapor@buchalter.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $911,522.71 |
| 9 | Hurley Brand Holdings, LLC<br>240 Madison Ave, 15th Floor<br>New York NY 10016 | Joseph Sutton<br>jsutton@bluestarall.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $822,870.98 |
| 10 | Bebe<br>240 Madison Ave, 15th Floor<br>New York NY 10016 | Joseph Sutton<br>jsutton@bluestarall.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $762,449.00 |
| 11 | Rumpl, Inc.<br>2544 NW Upshur Street<br>Portland OR 97210 | Ellyn Craven<br>ellyn@rumpl.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $595,263.20 |
| 12 | Brookstone<br>1 Innovation Way<br>Merrimack NH 03054 | Joseph Sutton<br>jsutton@bluestarall.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $552,236.00 |
| 13 | Locus Robotics<br>301 Ballardvale St. Suite 1<br>Wilmington MA 01887 | Andrew Wang<br>accountsreceivable@locusrobotics.com | Trade Debts | ☐ C<br>☐ U<br>☐ D | | | $539,034.14 |
| 14 | Donnelley Financial Solutions (DFIN)<br>P.O. Box 842282<br>Boston MA 02284-2282 | Glenny Cabrera<br>nybay@dfinsolutions.com | Trade Debts | ☐ C<br>☐ U<br>☐ D | | | $429,813.74 |
| 15 | Google LLC<br>PO Box 883654<br>Los Angeles CA 90088-3654 | B Rachel<br>collections@google.com | Trade Debts | ☐ C<br>☐ U<br>☐ D | | | $401,589.54 |
| 16 | Justice Brand Holdings, LLC<br>240 Madison Avenue<br>15th Floor<br>New York NY 10016 | Joseph Sutton<br>jsutton@bluestarall.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $401,523.00 |
| 17 | Giordano's<br>704 North Rush Street<br>Chicago IL 60611 | Jayme D'Heilly<br>jayme.d'heilly@lathropgpm.com | Trade Debts | ☐ C<br>☐ U<br>☐ D | | | $400,000.00 |

Debtor    **Nogin, Inc., et al.**                                                                                                   Case number *(if known)* 23-_____

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliqui-dated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 18  Cordial Experience, Inc. 402 W Broadway San Diego CA 92101 | Bailey Busch bbusch@cordial.com | Professional Services | ☐ C ☐ U ☐ D | | | $396,251.46 |
| 19  Apexus Roswell L.P. (Previously HM Roswell) 2250 Roswell Drive Pittsburgh PA 15205 | Gabriel Dan gabriel@aminimholdings.com | Trade Debts | ☐ C ☐ U ☐ D | | | $351,918.67 |
| 20  Michelada LLC 9450 SW Gemini Dr, #18347 Beaverton OR 97008-7105 | Angel Sanchez info@michelada.io | Professional Services | ☐ C ☐ U ☐ D | | | $349,320.00 |
| 21  Sports Products of America, LLC Adjmi SPA 463 7th Ave New York NY 10018 | Allan Tawil atawil@adjmi.com | Professional Services | ☐ C ☑ U ☑ D | | | $349,003.03 |
| 22  Attentive Mobile Inc. 221 River Street 9th Floor Hoboken NJ 07030 | Reagan Sullivan ar@attentivemobile.com | Professional Services | ☐ C ☐ U ☐ D | | | $324,566.49 |
| 23  Horizons HRS Service Staffing II LLC PO Box 207527 Dallas TX 75320-7527 | Tim Regan tregan@horizonshrservices.com | Trade Debts | ☐ C ☐ U ☐ D | | | $311,643.16 |
| 24  Kenneth Cole 603 West 50th Street New York NY 10019 | David Edelman dedelman@kennethcole.com | Trade Debts | ☐ C ☑ U ☐ D | | | $306,058.27 |
| 25  Lee & Associates - Ontario 3535 Inland Empire Blvd Ontario CA 91764 | Attn: Accounts Receivable stacey@lee-assoc.com | Professional Services | ☐ C ☐ U ☐ D | | | $260,881.87 |
| 26  Bottom Line Concepts LLC 3323 NE 163rd Street, Suite 302 North Miami Beach FL 33160 | Attn: Accounting accounting@bottomlinesavings.com | Professional Services | ☐ C ☐ U ☐ D | | | $255,057.46 |
| 27  Junk Food Clothing 5770 W. Jefferson Blvd Los Angeles CA 90016 | Joni Lee Gaudes jlgaudes@hybridapparel.com | Trade Debts | ☐ C ☑ U ☐ D | | | $250,182.96 |
| 28  Flight Phase I Owner, LLC 19600 Fairchild, Suite 100 Irvine CA 92612 | Megan Crabtree mcrabtree@lpc.com | Trade Debts | ☐ C ☐ U ☐ D | | | $236,836.64 |

Debtor    **Nogin, Inc., et al.**                                                                                           Case number *(if known)* **23-_____**

| | **Name of creditor and complete mailing address, including zip code** | **Name, telephone number, and email address of creditor contact** | **Nature of the claim** (for example, trade debts, bank loans, professional services, and government contracts) | **Indicate if claim is contingent, unliqui-dated, or disputed** | **Amount of unsecured claim** If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| 29 | BB Brand Holdings LLC<br>240 Madison Ave<br>15th Floor<br>New York NY 10016 | Joseph Sutton<br>jsutton@bluestarall.com | Trade Debts | ☐ C<br>☑ U<br>☐ D | | | $235,000.00 |
| 30 | Titan Rack & Shelving LLC<br>4 Zeller Dr<br>Somerset NJ 08873 | Scott Miller<br>scott@titanrackllc.com | Trade Debts | ☐ C<br>☐ U<br>☐ D | | | $234,984.44 |

**Fill in this information to identify the case:**

Debtor name: Nogin Commerce, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ✓ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ☐ Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/05/2023
MM / DD / YYYY

X  /s/ Vladimir Kasparov
Signature of individual signing on behalf of debtor

Vladimir Kasparov
Printed name

Chief Restructuring Officer
Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nogin, Inc., *et al.,* | ) | Case No. 23-_____ (___) |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

**CONSOLIDATED STATEMENT OF CORPORATE OWNERSHIP**

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Nogin, Inc. and its affiliated debtors and debtors in possession (the "**Debtors**") respectfully represent as follows:

- No person or entity holds 10% or more of the equity interests in Nogin, Inc.

- Nogin, Inc. owns 100% of the equity interests in Nogin Commerce, Inc.

- Nogin Commerce, Inc. owns 100% of the equity interests in Native Brands Group LLC.

---

[1] The Debtors in these chapter 11 cases and the last four digits of their respective federal tax identification number are: Nogin, Inc. (0703); Nogin Commerce, Inc. (0719); Native Brands Group LLC (0504). The mailing address for the Debtors is 105 E. 34th St, Suite 137 New York, NY 10016.

**Fill in this information to identify the case:**

Debtor name: Nogin Commerce, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*): _____

# Official Form 202
## Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ✓ Other document that requires a declaration **Statement of Corporate Ownership**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/05/2023
MM / DD / YYYY

X  /s/ Vladimir Kasparov
Signature of individual signing on behalf of debtor

Vladimir Kasparov
Printed name

Chief Restructuring Officer
Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Nogin Commerce, Inc., | ) | Case No. 23-_____ (___) |
| | ) | |
| Debtor. | ) | (Joint Administration Requested) |
| | ) | |
| | ) | |

**LIST OF EQUITY HOLDERS**[1]

Pursuant to rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct ownership interest in the above-captioned debtor and debtor in possession:

| Name and Last Known Address or Place of Business of Holder | Kind/Class of Interest | Percentage of Interests Held |
|---|---|---|
| Nogin, Inc.<br>105 E. 34th Street, Suite 137<br>New York, NY 10016 | Equity Interest | 100% |

---

[1] This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.

**Fill in this information to identify the case:**

Debtor name: Nogin Commerce, Inc.

United States Bankruptcy Court for the: District of Delaware (State)

Case number (*If known*): _____

# Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

**WARNING** – Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B)
- ☐ Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)
- ☐ Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)
- ☐ Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)
- ☐ Schedule H: Codebtors (Official Form 206H)
- ☐ Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)
- ☐ Amended Schedule ____
- ☐ Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)
- ✓ Other document that requires a declaration **List of Equity Holders**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 12/05/2023
MM / DD / YYYY

X  */s/ Vladimir Kasparov*
Signature of individual signing on behalf of debtor

Vladimir Kasparov
Printed name

Chief Restructuring Officer
Position or relationship to debtor